IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 98-30078 |
| | ) | |
| ERIC N. POWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant Eric N. Powell's Motion (d/e 299), interpreted as a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, and Defendant's supplemental Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (d/e 306). Because Defendant was sentenced to the statutory mandatory minimum, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motions are DISMISSED for lack of subject matter jurisdiction.

# BACKGROUND

In June 1999, Defendant pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The offense carried a 20-year statutory mandatory minimum penalty.  See 21 U.S.C. § 841(b)(1)(A) (2000) (providing for a 20-year minimum sentence where the violation involved more than 50 grams of crack and was committed after a prior conviction for a felony drug offense has become final).

At Defendant's March 2000 sentencing hearing, Defendant was held accountable for at least 500 grams but less than 1.5 kilograms of cocaine base (crack).  This resulted in a Base Offense Level of 36.  After enhancements for possession of a dangerous weapon, Defendant's role in the offense, and obstruction of justice, and after an adjustment for acceptance of responsibility, Defendant's Total Offense Level was 40.  With a Criminal History Category of I and a Total Offense Level of 40, Defendant's sentencing guideline range was 292 to 365.  The Court departed from the bottom of the guideline range and imposed a sentence

of 255 months.

In January 2008, Defendant filed a Motion for Appointment of Counsel to File Retroactive Amendment to 18 U.S.C. § 3582(c)(2) and To Proceed In Forma Pauperis (d/e 273). The Court appointed the Federal Public Defender to represent Defendant.

Counsel filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense. See d/e 277. In the Motion, Counsel noted that under Amendment 706, made retroactive by Amendment 711, Defendant's new guideline range was 235 to 293 months (Amended Offense Level of 38 and Criminal History Category of I). See d/e 277. Counsel further noted, however, that because of the 240-month mandatory minimum, Defendant's guideline range became 240 to 293 months. Counsel requested that the Court enter an Amended Judgment and Conviction sentencing Defendant to 240 months' imprisonment. On March 31, 2008, the Court granted the Motion. See Text Order, March 31, 2008; Order (d/e 278).

On September 14, 2011, Defendant filed a Motion seeking

resentencing using a 1:1 crack/powder ratio. See d/e 299. This Court treated the Motion as a request for retroactive application of the sentencing guidelines to a crack cocaine offense and, pursuant to Administrative Order 11-MC-2042, appointed the Federal Defender to represent Defendant. See Text Order of September 14, 2011.

On November 2, 2011, Counsel filed a Motion to Withdraw (d/e 305). Counsel asserted Defendant was ineligible for a reduced sentence because Defendant was subject to the 240-month statutory mandatory minimum. On November 3, 2011, this Court granted the motion to withdraw and gave Defendant until December 7, 2011 to file a supplemental or new motion.

On December 5, 2011, Defendant filed a Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (d/e 306).

## ANALYSIS

Defendant asserts he is entitled to a reduced sentence because, under the Fair Sentencing Act as amended, he would only be subject to a mandatory minimum sentence of 10 years. But see 21 U.S.C. §

841(b)(1)(A) (2010) (providing for a 20-year minimum sentence where the violation involved more than 280 grams of crack and was committed after a prior conviction for a felony drug offense has become final). Defendant further asserts that under the amendment to the sentencing guidelines, he would have a guideline sentencing range somewhere between 151 to 235 months.

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010). However, the Fair Sentencing Act does not apply retroactively. Bell, 624 F.3d at 814. Therefore, even if the statutory change benefitted Defendant, none of the statutory changes made by the Fair Sentencing Act apply to Defendant because he was sentenced before the Fair Sentencing Act became law. As such, Defendant is still subject to the 240-month mandatory minimum.

In addition, although the Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders and made that amendment retroactive (see Amendment 750, Amendment 759), Defendant is not eligible for a reduced sentence under the amended sentencing guidelines because of the 240-month statutory mandatory minimum.

A district court has "limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section 3582 of the United States Code permits a court to modify a previously imposed term of imprisonment where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Defendant is not entitled to a reduction under § 3582(c)(2), because Defendant's sentencing range was not subsequently lowered by the Sentencing Commission. Defendant was subject to the statutory mandatory minimum sentence of 240 months. Therefore, even if Defendant's guideline sentencing range would otherwise be less than 240 months, the mandatory minimum sentence of 240 months becomes his sentencing range. See, e.g., U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). Therefore, Defendant is not entitled to a reduction. See United States v. Monroe, 580 F.3d 552, 559-60 (7th Cir. 2009) ("The 'starting point' for Mr. Monroe's sentence was the statutory, mandatory minimum sentence; that minimum sentence was not reduced or otherwise affected by Amendment 706, which impacted only Mr. Monroe's base offense level, not his 'sentencing range.'"); United States v. Poole, 550 F.3d 676, 679 (7th Cir. 2008) (finding the defendant was not entitled to a sentence reduction under § 3582(c)(2)

because the defendant's sentence was based on the statutory minimum sentence and not on the range the Commission subsequently lowered (Amendment 706 pertaining to crack cocaine sentences)); U.S.S.G. § 1B1.10 cmt. n. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (<u>e.g.</u> a statutory mandatory minimum term of imprisonment)").

Because Defendant was not sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not eligible for a reduction under § 3582(c)(2). This Court lacks subject matter jurisdiction to consider the reduction request. <u>Forman</u>, 553 F.3d at 588.

## CONCLUSION

For the reasons stated, Defendant's Motion (d/e 299) and supplemental Motion for Modification or Reduction of Sentence

Pursuant to 18 U.S.C. § 3582(c)(2) (d/e 306) are DISMISSED for lack of subject matter jurisdiction.

ENTER: November 16, 2012

FOR THE COURT:

                                                     s/ Sue E. Myerscough
                                                   SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE